**Alexander L. Gastman (AG 8241)**
**Penn A. Dodson (PD 2244)**
AndersonDodson, P.C.
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax
*alex@andersondodson.com*

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EWEN YOUNG,<br><br>          Plaintiff,<br><br>v.<br><br>MATCHPOINT CAREERS, INC.,<br>PAUL BASILE, an individual, and<br>FIONNUALA O'CONOR, an individual,<br><br>          Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. 1:16-cv-<br><br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. Plaintiff Ewen Young worked for Defendant Matchpoint Careers, Inc., an online software company that helps employers hire employees for almost three years. During this time, Defendants failed to pay Plaintiff altogether for a significant portion of his time worked and paid him significantly late. Defendants also failed to issue a wage notice to Plaintiff at the commencement of his employment or anytime thereafter. Further, Defendants failed to issue pay stubs to Plaintiff on the occasions when they chose to pay Plaintiff. To challenge these and other wage violations, Plaintiff brings this action, by and through his

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

attorneys, against Defendants Matchpoint Careers, Inc. ("Matchpoint"), and its principals Paul Basile, individually, and Fionnuala O'Conor, individually, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' office locations, which during the relevant time have been located at various location all within this district, including: 15 Broad Street, Suite 1830 New York, New York, 10005; 172 Prince Street Suite 3A, New York, New York, 10012; and 477 Madison Avenue, 6th Floor, New York, New York 10022. Further, one or more of the Defendants named herein resides in this district.

## PARTIES

### Defendant Matchpoint Careers, Inc.

5. Defendant **Matchpoint Careers, Inc.** (hereinafter "Matchpoint") is a New York corporation doing business within the County of New York, and whose principal place of business listed with the New York State Department of State ("DOS") and DOS process address is located at 15 Broad Street, Suite 1830 New York, New York, 10005.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

6. Defendant Matchpoint is an online software company that helps employers hire employees worldwide.

7. At all relevant times, Defendant Matchpoint had annual gross revenues in excess of $500,000.

8. At all relevant times, Defendant Matchpoint was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all times material to this action, Defendant Matchpoint was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Paul Basile**

10. Defendant Paul Basile ("Basile"), an individual, resides at 736 W 186th Street, Apt 7CD, New York, New York, upon information and belief.

11. At all times material to this action, Defendant Basile actively participated in the business of the corporation.

12. Defendant Basile is the CEO and co-founder of Matchpoint.

13. At all times material to this action, Defendant Basile exercised substantial control over the functions of the company's employees including Plaintiff. Defendant Basile's authority as day-to-day manager and co-founder, included but was not limited to, hiring and firing Plaintiff, directing Plaintiff's work, and setting Plaintiff's rate of pay.

14. At all times material to this action, Defendant Basile was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Young v. Matchpoint*
USDC, Southern District of New York

Complaint
Page 3

### Defendant Fionnuala O'Conor

15. Defendant Fionenuala O'Conor ("O'Conor"), an individual, resides at 736 W 186th Street, Apt 7CD, New York, New York, upon information and belief.

16. At all times material to this action, Defendant O'Conor actively participated in the business of the corporation.

17. Defendant O'Conor is the Vice Presentient ("VP") of Product and co-founder of Matchpoint.

18. At all times material to this action, Defendant O'Conor exercised substantial control over the functions of the company's employees including Plaintiff. Defendant O'Conor's authority as VP of Product and co-founder, included but was not limited to, hiring and firing Plaintiff, directing Plaintiff's work, and setting Plaintiff's rate of pay.

19. At all times material to this action, Defendant O'Conor was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

### Plaintiff Ewen Young

20. Plaintiff Ewen Young ("Young") is a resident of Jersey City, New Jersey, which is in Hudson County.

21. At all times material to this action, Plaintiff Young was an "employee" within the meaning of 29 U.S.C. § 203(e).

22. Plaintiff Young worked for Matchpoint from April 2014 to February 11, 2016.

23. Plaintiff Young's title was Vice President of Technology.

24. While in this position, Plaintiff Young's pay scheme was supposed to be on a salary.

25. Plaintiff Young's agreed upon rate of pay was $130,800 per year. $130,800 per year divided by 52 weeks is $2,515.38 per week. $2,515.38 per week divided by 40 hours per

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

week is $62.88 per hour.

26. While working in this capacity, Plaintiff Young was not expected to record his time worked.

27. Plaintiff Young generally worked at Matchpoint Monday through Friday from 8:00 a.m. to 6:00 p.m., plus approximately five to ten hours in the evenings and weekends.

28. Young estimates that he worked 50-60 hours per week, for an average of approximately 55 hours per week.

29. Plaintiff Young was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

30. In or about November 2015, Defendants informed Young that they were unable to pay him but promised to pay him all accrued salary if he continued working for them. Relying on Defendants representations, Young continued working for Defendants. From November 2015, through his forced separation on February 11, 2016, Defendants failed to pay Young.

31. As of the date of this filing, Young has not received any of his accrued salary for worked performed from November 2015 through February 11, 2016.

## LEGAL CLAIMS

### As And For A First Cause of Action: FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

32. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

### *Failure To Pay Minimum Wage*

33. By not paying Plaintiff at all for several months, Defendants failed to pay Plaintiff the

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

minimum wage for all hours he worked, in violation of the FLSA.

### *Failure To Pay Overtime Properly*

34. By not paying Plaintiff at all for months, Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Late Payments*

35. On at least some occasions, Plaintiff received his pay late.

36. Because Defendants failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### *Record-Keeping Failures*

37. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions Plaintiff's employment, in contravention of the FLSA and affiliated regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

38. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

39. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

40. As a result of the violations by Defendant of the FLSA, Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA,

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Young v. Matchpoint*
USDC, Southern District of New York

Complaint
Page 6

more specifically 29 U.S.C. § 216(b).

## As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

41. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

42. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Minimum Wage*

43. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of NYLL § 652.

*Failure To Pay Overtime*

44. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Failure to Provide Pay Stubs / Wage Notices*

45. Defendants failed to furnish Plaintiff with a "wage notice" at the time of his hire or anytime thereafter, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b).

46. Defendant failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

*Record-Keeping Failures*

47. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

48. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

49. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Unpaid Leave Time Pay-Out*

50. Upon Plaintiff's separation from Matchpoint, Defendants failed to pay him all accrued paid leave time to which he was entitled.

51. Defendant failed to notify Plaintiff in writing or by public posting its policy on sick leave, vacation, personal leave, holidays and hours, in contravention of NYLL § 195(5).

*Damages*

52. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Young v. Matchpoint*
USDC, Southern District of New York

Complaint
Page 8

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

B. Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff liquidated damages pursuant to NYLL § 663;

D. Award Plaintiff interest;

E. Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

F. Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **1st** day of **June, 2016.**

AndersonDodson, P.C.

_/s/ Alex Gastman_
**Alexander L. Gastman (AG 8241)**
*alex@andersondodson.com*
**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
Attorneys for Plaintiff

11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax